UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BILLY JOVAN SAIZ,

            Petitioner,

v.

BRIAN E. WILLIAMS, SR.,

           Respondents.

Case No. 2:23-cv-01228-ART-BNW

ORDER GRANTING
MOTION FOR DISCOVERY

[ECF No. 23]

      This habeas matter is before this Court on counseled petitioner Billy Jovan Saiz's motion for discovery. (ECF No. 23.) Respondents opposed the motion, and Saiz replied. (ECF Nos. 34, 38.) For the reasons discussed below, the Court grants the motion.

**I.    Background**

      On January 16, 2020, following a guilty plea, Saiz was adjudged guilty of battery with the use of a deadly weapon and ownership or possession of a firearm by a prohibited person. (ECF No. 29-32.) Saiz was sentenced as a habitual offender to two concurrent terms of 84 to 240 months in prison. (*Id.*) Saiz petitioned the state court for post-conviction relief. (ECF No. 30-10.) The state court denied Saiz post-conviction relief, Saiz appealed, and the Nevada Court of Appeals affirmed. (ECF No. 30-35.)

      Saiz commenced this federal habeas action on August 4, 2023. (ECF No. 1.) This Court granted Saiz's motion for appointment of counsel and appointed the Federal Public Defender to represent Saiz. (ECF Nos. 16, 18.) Saiz requests discovery of the following:

      1.    Leave to subpoena the Las Vegas Metropolitan Police Department for any and all records and/or evidence related to this case (Event No. 180909-0037).

      2.    Leave to subpoena the Clark County District Attorney's Office for any and all records and/or evidence related to

1

> this case (Eighth Judicial District Court Case No. C-18-336703-1 and A-20-818017-W; Las Vegas Justice Court Case No. 18F17014X), including but not limited to any and all records and/or evidence that the DA's office turned over to the defense, or should have turned over to the defense, during the state court proceedings.

(ECF No. 23.) Saiz contends that there is good cause to request these items because disclosure of this information may support a claim that his plea was involuntarily entered, that the State violated *Brady v. Maryland*, and/or that Saiz's trial counsel was ineffective. (*Id.*)

## II.   Governing Law

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." In *Bracy v. Gramley*, the Supreme Court held that Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, which expressly called for the adoption of the rule. 520 U.S. 899, 904, 909 (1997). In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. 286, 300 (1969). In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory that the petitioner sought to pursue in the discovery. 520 U.S. at 908, 909. The Ninth Circuit, consistent with *Bracy* and *Harris*, has held that habeas discovery is appropriate in cases where the discovery sought only might provide support for a claim. *See*,

*e.g.*, *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997); *Osborne v. District Attorney's Office*, 521 F.3d 1118, 1133 (9th Cir. 2008), *rev'd on other grounds in District Attorney's Office v. Osborne*, 557 U.S. 52 (2009).

### III. Analysis

Saiz contends that his trial counsel did not receive the State's complete discovery in the months leading up to his guilty plea, and he still does not have it. (ECF No. 23 at 2.) Indeed, Saiz explains that numerous important pieces of police-generated evidence are missing from his trial counsel's file, including body-worn camera footage from the immediate aftermath of the shooting and documentation of law enforcement's search for surveillance footage of the shooting. (*Id.*) Saiz's current counsel attempted to retrieve information from the Las Vegas Metropolitan Police Department without a subpoena and received four pieces of evidence that were not present in Saiz's trial counsel's file, prompting Saiz's current counsel to inquire about other missing evidence. (*Id.* at 6–7.)

Respondents oppose Saiz's motion for discovery, arguing that (1) the motion is premature given that Saiz has yet to file his amended petition, (2) the request for discovery is based on speculation, (3) the request is not narrowly tailored to any of his legal claims, and (4) he was not diligent in trying to obtain the requested evidence in state court. (ECF No. 34.) Saiz rebuts that (1) it serves judicial economy for him to review the missing discovery now so that he may raise developed claims stemming from the receipt of the discovery materials in his amended petition, (2) his motion is based on thorough investigation and records review, (3) his request is narrowly tailored to a claim that the State withheld evidence, and (4) he was not granted a post-conviction evidentiary hearing, was incarcerated, and was unrepresented during state post-conviction proceedings, making it impossible for him to have obtained the requested evidence in state court. (ECF No. 38.)

As Saiz makes clear, the items sought are not new evidence and are sought to support a *Brady*-related claim. Although Respondents argue that Saiz fails to state good cause for obtaining the items requested, they do not deny that there are materials which have not been provided to Saiz, that Saiz was legally entitled to these materials, that these materials would have been accessible to trial counsel, or that these materials could show that Saiz may be entitled to relief on his forthcoming amended habeas petition. As such, this Court concludes that Saiz has established good cause under Rule 6(a) for the discovery sought.

**IV. Conclusion**

It is therefore ordered that the motion for discovery **[ECF No. 23] is granted**.

It is further ordered that Petitioner Billy Jovan Saiz may pursue discovery as follows: (1) subpoena(s) to the Las Vegas Metropolitan Police Department for any and all records and/or evidence related to Event No. 180909-0037; and (2) subpoena(s) to the Clark County District Attorney's Office for any and all records and/or evidence related to Eighth Judicial District Court Case Nos. C-18-336703-1 and A-20-818017-W and Las Vegas Justice Court Case No. 18F17014X, including but not limited to any and all records and/or evidence that the DA's office turned over to the defense, or should have turned over to the defense, during the state court proceedings.

It is further ordered that Saiz file a status report on the earlier of completion of discovery or within 60 days. Saiz will have 30 days from the completion of discovery to file and serve his amended petition or any other appropriate motion.

Dated this 3rd day of January 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4