UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BILLY JOVAN SAIZ,<br><br>                                Petitioner,<br>v.<br><br>BRIAN E. WILLIAMS, et al.,<br><br>                                Respondents. | Case No. 2:23-cv-01228-ART-BNW<br><br>ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS<br><br>[ECF No. 47] |

This counseled habeas matter comes before the Court on Respondents' motion to dismiss Petitioner Billy Jovan Saiz's First-Amended Petition. (ECF No. 47.) Saiz opposed the motion, and Respondents replied. (ECF Nos. 50, 51.) For the reasons stated below, the Court grants the motion, in part, and denies the motion, in part.

**I.   BACKGROUND**

Saiz was charged with attempted murder with the use of a deadly weapon, battery with the use of a deadly weapon, and ownership or possession of a firearm by a prohibited person. (ECF No. 29-13.) Saiz agreed to plead guilty to battery with the use of a deadly weapon and ownership or possession of a firearm by a prohibited person in exchange for the State dismissing the attempted murder charge. (ECF No. 29-18.) The agreement provided that the State agreed not to seek punishment as a habitual criminal. (*Id.*) However, the agreement also provided that if Saiz received "new criminal charges . . . , the State will have the unqualified right to argue for any legal sentence and term of confinement allowable . . . , including . . . to increase [Saiz's] sentence as an habitual criminal." (*Id.* at 3.) Before Saiz was sentenced, he was charged and later convicted of

1

trafficking a controlled substance.[1] (ECF No. 29-30.) Saiz was sentenced under the small habitual criminal statute to two concurrent terms of 84 to 240 months. (ECF No. 29-32.)

Saiz filed a post-conviction motion to withdraw his guilty plea. (ECF No. 29-38.) The state court construed Saiz's motion as a habeas petition and denied it. (ECF No. 29-43.) Saiz appealed, and the Nevada Court of Appeals reversed and remanded on July 13, 2021, allowing Saiz to correct the deficiencies in his petition. (ECF No. 30-6.) Saiz filed a new habeas petition, and the state court denied it on February 10, 2022. (ECF No. 30-16.) Saiz appealed, and the Nevada Court of Appeals affirmed on February 23, 2023. (ECF No. 30-35.) Remittitur issued on March 20, 2023. (ECF No. 30-36.)

Saiz commenced this federal habeas action on or about August 4, 2023. (ECF No. 1.) This Court appointed counsel for Saiz, and Saiz filed his counseled First-Amended Petition on May 5, 2025. (ECF Nos. 16, 43.) Saiz raises the following grounds for relief in his First-Amended Petition: (1a) his trial counsel failed to request and review available discovery, (1b) his trial counsel failed to oppose the State's filing of a notice of intent to seek punishment as a habitual criminal and failed to object to the court sentencing him as a habitual criminal, (1c) his trial counsel failed to ensure he understood the consequences of his guilty plea, (2) he was sentenced as a habitual offender in violation of the terms of the guilty-plea agreement, (3) his plea was not knowing, voluntary, and intelligent, and (4) the State suppressed exculpatory information. (ECF No. 43.)

**II.    DISCUSSION**

Respondents argue that (1) the First-Amended Petition is untimely and ground 1a[2] of the First-Amended Petition does not relate back to Saiz's timely-

---

[1] Saiz was sentenced to 28 to 72 months for this conviction. (ECF No. 29-34.)
[2] Respondents withdrew their argument that grounds 1b and 1c also do not relate back. (ECF No. 51 at 3.)

2

filed *pro se* petition, and (2) grounds 1a, 1b, and 1c are unexhausted. (ECF No. 47.) This Court will address these arguments in turn.[3]

### A. Timeliness

Saiz does not dispute that his First-Amended Petition is untimely; rather, he contends that ground 1a was raised within one year of when its factual predicate became available. (ECF No. 50 at 6.) In ground 1a, Saiz alleges that his trial counsel failed to request and review available discovery. (ECF No. 43.) Within this ground Saiz explains that the State provided his trial counsel with CSA K. Thomas's report, which referenced photographs taken of the victim at the hospital, but Saiz's trial counsel never requested or received those photographs. (*Id.* at 11.) According to Saiz, it was not until January 15, 2025, after discovery was granted in this case, that Saiz's Federal Public Defender received the photographs from the Las Vegas Metropolitan Police Department after serving them a subpoena. (*Id.* at 11 n.1.)

Under 28 U.S.C. § 2244(d)(1)(D), the AEDPA limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The Ninth Circuit has interpreted § 2244(d)(1)(D) to mean that the AEDPA clock starts "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); *see also Redd v. McGrath*, 343 F.3d 1077, 1083 (9th Cir. 2003). Due diligence only requires reasonable diligence under the circumstances. *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012).

Respondents argue that the photographs could have been discovered through due diligence by Saiz's trial counsel given that they were referenced in

---

[3] Respondents also argued that ground 4 of the First-Amended Petition does not relate back to Saiz's timely-filed *pro se* petition and is unexhausted. (ECF No. 47.) Saiz agreed that ground 4 is unexhausted, and he has voluntarily dismissed it. (ECF No. 50.)

3

1    CSA K. Thomas's report. (ECF No. 51 at 2.) This argument ignores the fact that
2    this ground is based on Saiz's trial counsel's ineffectiveness regarding discovery.
3    It would be nonsensical to conclude that Saiz's trial counsel could have exercised
4    his due diligence to discover the photographs in a claim in which Saiz's trial
5    counsel is alleged to have performed deficiently for the same reason: his failure
6    to discover the photographs. Rather, this Court finds that these photographs
7    could not have been discovered through the exercise of due diligence before
8    January 3, 2025, because before then, the Las Vegas Metropolitan Police
9    Department refused to provide them without a subpoena, the State had not
10   voluntarily disclosed them, Saiz was unable to subpoena them himself while
11   incarcerated, and Saiz did not have counsel during his state habeas proceedings.
12   As such, ground 1a, which was raised on May 5, 2025, is timely under 28 U.S.C.
13   § 2244(d)(1)(D) because it was raised within a year of this Court's discovery Order,
14   which was entered on January 3, 2025.

**B.    Exhaustion**

Respondents argue that grounds 1a, 1b, and 1c are unexhausted. (ECF No. 47.) Saiz acknowledges that grounds 1a, 1b, and 1c are unexhausted, but he contends that they are technically exhausted and procedurally defaulted and that he can demonstrate cause and prejudice to overcome any procedural default. (ECF No. 50 at 8.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Saiz would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that

4

petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Saiz advances only *Martinez* as a basis for excusing the anticipatory default of grounds 1a, 1b, and 1c. (*See* ECF No. 50.) As such, this Court finds grounds 1a, 1b, and 1c to be technically exhausted but procedurally defaulted. Because the analyses of prejudice to overcome the procedural default of grounds 1a, 1b, and 1c are necessarily intertwined with their merits, this Court

defers a determination of whether Saiz can overcome the procedural default until the time of merits determination.

### IV.     CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 47) is granted, in part, and denied, in part, as follows: (1) ground 1a is timely, (2) ground 4 is voluntarily dismissed, and (3) grounds 1a, 1b, and 1c are technically exhausted but procedurally defaulted, and this Court defers consideration of prejudice under *Martinez* until after the filing of an answer and reply.

It is further ordered that Respondents file their answer to the remaining grounds in the First-Amended Petition within 60 days of the date of this Order. Saiz will then have 30 days to file his reply.

DATED THIS 11th day of September 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE